UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR MONEY LAUNDERING INVESTIGATION | ) ) ) ) ) ) ) ) |

ML No: 1:21-ml-00628

**Filed Under Seal**

*Reference:*   DOJ Ref. # CRM-182-78228

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Estonia.  In support of this application, the United States asserts:

RELEVANT FACTS

1.  The Ministry of Justice of the Republic of Estonia, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty Between the Government of the United States of America and the Government of the Republic of Estonia on Mutual Legal Assistance in Criminal Matters, U.S.-Est., Apr. 2, 1998, S. TREATY DOC. NO. 105-52 (1998) (the Treaty).  As stated in the Request, the Economic Crime Bureau, National Criminal Police, in

Estonia, is investigating Estonian citizens Priit Porila (Porila), Aivar Riis (Riis), Dmitri Fokin (Fokin), Australian citizen Manjit Singh Hansra (Hansra), Ukrainian citizen Inna Svyrdovska (Svyrdovska) and others (collectively, the "Subjects"), Estonian Companies OU Feature, Glomus Corp. – Estonia Branch, Har-Lex LLC – Estonia Branch, Command Trade Agency, INC – Estonia Branch (collectively, the "Estonian Companies") and U.S. companies Har-Lex, LLC, Inversio Partners LLC, BPB Holdings LLC, Command Trade Agency, INC, and Ironsale LLC (collectively, the "U.S. Companies"), and others for money laundering, which occurred on or between January 1, 2013 and December 31, 2020, in violation of the criminal law of Estonia, specifically, Section 394 of the Estonian Penal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

2.       According to Estonian authorities, on or between January 1, 2013 and December 31, 2020, a Ukrainian state-owned company (Company 1) contracted with Estonian Company OU Feature for the purchase of printing components and services, paying approximately EUR 45 million to OU Feature during this time period.  Estonian authorities determined, however, that OU Feature's directors, including Fokin and Riis, inflated the costs of services under the contract, and diverted approximately EUR 26 million to accounts held by Subject-controlled companies, a portion of which was transferred to bank accounts held by U.S.-based shell companies, and further transferred back to Estonian company accounts controlled by the Subjects.

3.       Estonian authorities further determined that the U.S. Companies were not engaged in any businesses related to the manufacture or sale of printing components or services.  A review of bank transfer data showed the following transfers between OU Feature, Glomus Corp. – Estonia Branch, the U.S. Companies' Estonian branches, and U.S. Company-held Estonian

bank accounts to bank accounts located in the United States:

    a) between January 30, 2013 and October 19, 2015, Inversio Partners LLC transferred EUR 69,027.87 and USD 7,566.66 USD from its Estonian bank account to Citibank N.A. account number XXXX6797, held for the benefit of Har-Lex LLC;

    b) between February 23, 2016 and July 12, 2016, Inversio Partners LLC transferred EUR 73,673.37 from its Estonian bank account to Citizens Bank, N.A. account number XXXXXXXX0653, held for the benefit of Har- Lex LLC;

    c) between February 17, 2017 and June 6, 2017, Glomus Corp. – Estonia Branch transferred USD 1,522,130.08 from its Estonian bank account to Citizens Bank, N.A. account number XXXXXX8908, held for the benefit of Ironsale LLC;

    d) between October 4, 2016 and October 15, 2018, OU Feature transferred EUR 14,295,000 from its Estonian bank account to Citizens Bank, N.A. account number XXXXXXXX0653, held for the benefit of Har-Lex LLC;

    e) between June 6, 2017 and October 26, 2018, Command Trade Agency, INC – Estonia Branch transferred EUR 1,493,000 from its Estonian bank accounts to Citizens Bank, N.A. account number XXXXXXXX0653, held for the benefit of Har-Lex LLC;

    f) between January 22, 2016 and March 22, 2019, Har-Lex LLC – Estonia Branch transferred EUR 327,275.46 from its Estonian bank accounts to Citizens Bank, N.A. account number XXXXXXXX0653, held for the benefit of Har-Lex LLC;

g) on October 21, 2019, Command Trade Agency, INC – Estonia Branch transferred EUR 200,00 from its Estonian bank account to Citizens Bank, N.A. account number XXXXXXXXX0307, held for the benefit of Har-Lex LLC;

h) between October 18, 2019 and November 8, 2019 Har-Lex LLC – Estonia Branch transferred EUR 433,000 from its Estonian bank account to Citizens Bank, N.A. account number XXXXXXXXX0307, held for the benefit of Har-Lex LLC;

i) between December 12, 2018 and July 21, 2020, OU Feature transferred USD 1,169,394.61, using a London-based money transmitter service, to Citizens Bank, N.A. account numberXXXXXX8509, held for the benefit of Har-Lex LLC; and

j) on September 15, 2020, Command Trade Agency, INC – Estonia Branch transferred a total amount of USD 47,404.24, using a London-based money transmitter service, to Citizens Bank, N.A. account number XXXXXX2086, held for the benefit of BPB Holdings LLC.

4. Estonian authorities also established the role played by the Subjects with respect to the Estonian and U.S. Companies. Specifically, Porila serves as a manager of both and Har-Lex LLC - Estonia Branch and Har-Lex LLC; Riis serves as a manager of Command Trade Agency, INC – Estonia Branch and authorized representative for BPB Holding LLC; Hansra is the authorized representative of Har-Lex LLC and the ultimate beneficiary of BPB Holdings LLC; and Svyrdovska is the ultimate beneficiary of Inversio Partners LLC. Given the control exercised by the Subjects over the Estonia and U.S. Companies, the structure and frequency of fund transfers between Estonian and U.S. Companies, and the fact that the U.S. Companies provided no printing components or services, Estonian authorities determined that this scheme

4

was devised to disguise the subject and purpose of the fund transfers, thereby defrauding Company 1 and laundering funds through both the U.S. and Estonian financial systems.

5. To further the investigation, Estonian authorities asked U.S. authorities to obtain bank records associated with Citizens Bank, N.A. account numbers XXXXXXXXX0653; XXXXXXXXX0307; XXXXXX8509; XXXXXX2086; XXXXXX8908; and Citibank, N.A. account number XXXX6797; as well as business records associated with the above-referenced U.S. Companies to verify the flow of funds and identify additional subjects.

## LEGAL BACKGROUND

6. A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

7. The United States and Estonia entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. See Treaty pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures. Article I(2). In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

5

to further the execution of such requests. Article V(1) ("The Courts or other competent authorities of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.") .

8. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*              \*              \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*              \*              \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

6

2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

10.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

7

facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

11.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

## REQUEST FOR ORDER

12.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, the designated Central Authority in Estonia, and seeks assistance in the investigation of fraud– a criminal offense in Estonia.  The requested Order is necessary to execute the Request, and the assistance requested, <u>i.e.</u>, the production of bank and business records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

13. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters. The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of a request. Specifically, Article V(5) provides that: "[t]he Requested State shall use its best efforts to keep confidential a request and its contents if such confidentiality is requested by the Central Authority of the Requesting State." In this matter, Estonia has asked the Government to keep the Request confidential.

14. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of

any given commissioner subpoena.

15.    Similarly, because Estonia seeks assistance during a criminal investigation and has specifically asked the Government to keep the Request confidential, this Court should authorize the commissioner to order subpoena recipient(s) not to notify any person of the commissioner's subpoena and its contents, and issue an order sealing the Government's application and the Court's Order.  The confidentiality provision of the Treaty and Estonia's request that this matter remain confidential, as well as Section 3512(a), which authorizes the court to issue "such orders as may be necessary to execute a [foreign] request," provide the basis for the issuance of such orders.  See generally In re Letter of Request from the Government of France, 139 F.R.D. 588, 592 (S.D.N.Y. 1991) (secrecy in executing foreign request is "essential to protect the French Court's criminal investigation").  In this case, such orders would be appropriate because the Request relates to an ongoing criminal investigation in Estonia.  Disclosure of the investigation could provide the subject of the investigation with an opportunity to destroy records or other physical evidence in his or her possession and could seriously jeopardize the investigation.  It could also give the subject an opportunity to flee, change patterns of behavior, or notify confederates.

16.    Further, the request as to both notice and sealing is reasonable.  As explained above, this Request concerns an ongoing criminal investigation pursuant to foreign law in the requesting country.  Foreign investigations are often lengthy and the Government does not have ready access to the status of such investigations.  In addition, the Government will need to serve the commissioner subpoena(s) on the relevant person(s) and/or entity(ies), obtain the responsive documents, resolve any issues or questions regarding the production, and send the documents to the appropriate authority in Estonia.  The appropriate authority in Estonia will then have to

provide the documents, which may have to be translated, to the prosecutor and/or investigator assigned to the particular matter, who will need time to review the information provided and pursue any investigative leads and, possibly, seek additional evidence prior to disclosure of the specific assistance sought by Estonian authorities.

17.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence and authorizing the undersigned to order the relevant person(s) and/or entity(ies) not to notify any person(s) or entity(ies) of the commissioner's subpoena and

its contents for a period of two years from the Court's Order, and sealing this application and the Court's Order, until otherwise issued by the Court.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: *Philip R. Mervis* (signature)

        Philip R. Mervis
        Trial Attorney
        FL Bar Number 41633
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W.
        Washington, D.C. 20530
        (202) 514-2150
        Philip.Mervis@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR *[Insert Nature of Case/Investigation]* | )<br>)<br>)<br>)<br>)<br>)<br>) |

*Reference:*   *[Insert DOJ#]*
***(Please repeat when responding.)***

COMMISSIONER'S SUBPOENA
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective]* *[Criminal][Penal]* Code:

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20\_\_:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

Pursuant to the Court's Order signed on _____, 20\_\_, no notice of this subpoena or its contents is to be given to any person unless otherwise authorized to do so by the Court, except that _____ may notify *[its/his/her/their]* attorney for the purpose of obtaining legal

2

advice.

      For failure to provide records or for disclosure of the existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

                                  _____
                                  COMMISSIONER
                                  *[Insert Name]*
                                  Trial Attorney
                                  Office of International Affairs
                                  Criminal Division, Department of Justice
                                  1301 New York Avenue, N.W.
                                  Washington, D.C. 20530
                                  (202) *[Insert Number]*
                                  *[Insert Email Address]*